IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER SMITH,

                      Plaintiff,

   v.                                          OPINION and ORDER

JEFFREY PUGH, et al.,                         22-cv-542-wmc

                      Defendants.

---

Plaintiff Walter Smith, representing himself, is proceeding on several claims against prison officials relating to the practice of his Muslim faith at Stanley Correctional Institution. Defendants have filed a motion for partial summary judgment on the ground that Smith failed to exhaust his administrative remedies as to his claim that defendants Stuve and Webster denied him access to Jumuah services in 2018.[1]  For the reasons below, defendants' motion will be denied.

OPINION

A plaintiff who is confined in jail or prison may not bring a federal claim about his conditions of confinement until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a).  This means that the prisoner must follow all the facility's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  If a prisoner fails to exhaust his administrative remedies before filing a federal

---

[1] Defendants concede that Smith exhausted his remaining claims.

lawsuit, the court must dismiss any unexhausted claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Plaintiff was permitted to proceed on claims that his First Amendment rights were violated when he was denied access to Jumuah services on several occasions in both 2015 and 2018 because he did not arrive at the chapel on time. According to plaintiff, Stanley Correctional Institution policy precludes inmates from attending certain services if they arrive more than 10 minutes late. Because Muslim inmates need time to perform a ritual cleaning between leaving their cell and attending Jumuah services, plaintiff is sometimes late for services in the chapel. In 2015, defendant Stuve denied him access to Jumuah when he arrived late, even though he allowed inmates of other religions to participate in services when they arrived late. In 2018, defendant Webster also enforced the policy of denying access to Jumuah services for inmates who arrived late.

Defendants point out that plaintiff failed to file any inmate complaints challenging his denial of access to Jumuah services in 2018, so they contend that he has failed to exhaust his remedies for his claims based on 2018 incidents. Plaintiff concedes that he did not file any grievances in 2018 about being denied access to Jumuah for arriving late, but he argues that the two inmate complaints he filed about the same issue in 2015 were sufficient to exhaust claims for the same issue arising three years later.

The court agrees with plaintiff. To exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir.

2

2013). "Separate complaints about particular incidents are only required if the underlying facts or the complaints are different." *Id.* Once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement. *Id.* Here, plaintiff's complaints concerned a prison policy prohibiting inmates from entering religious services if they arrived more than 10 minutes late. Nothing about plaintiff's allegations, or defendants' submissions, suggest that the policy changed between 2015 or 2018. Thus, plaintiff's inmate 2015 complaints in 2015 challenging the policy were sufficient to give the prison a chance to correct the problem. Defendants' arguments to the contrary are not persuasive, as they point to nothing different between the policy being challenged in 2015 and 2018, besides the particular prison official enforcing the policy. Accordingly, defendants have not met their burden of showing that plaintiff failed to exhaust his administrative remedies. Their motion for partial summary judgment will be denied.

      Both sides have also filed motions seeking to extend the dispositive motions deadline, with defendants stating they they need resolution of their exhaustion motion before proceeding with summary judgment and plaintiff stating that he needs more time to prepare discovery and work in the law library. Both motions will be denied. Defendants' exhaustion motion was a minor part of this case, so they should have been gathering information needed for summary judgment regardless the outcome of the motion. As for plaintiff's request, he does not need to file a motion for summary judgment. His only obligation will be responding to defendants' motion, if they choose to file one. That being

said, the court will extend the dispositive motions deadline by two additional weeks to give both parties time to prepare.

## ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment on exhaustion (dkt. #28) is DENIED.

2. Defendants' motion to stay case deadlines (dkt. #39) is DENIED.

3. Plaintiff's motion for an additional 120 days to file for summary judgment (dkt. #37) is DENIED.

4. The dispositive motions deadline is extended to March 29, 2024.

Entered March 5, 2024.

                BY THE COURT:

                /s/

                _____
                William M. Conley
                District Judge